K•G
5/17/18

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

HMG/DB: USAO#2016R00445          2018 MAY 22  PM 12: 05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BY_____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. *CLR-18-0293* |
| | : | |
| v. | : | (Conspiracy to Commit Bankruptcy |
| | : | F r a u d , 18 U.S.C. § 371; Bankruptcy |
| PATRICIA MULFORD, | : | Fraud, 18 U.S.C. § 152; Tax Evasion, |
| JOSEPH MULFORD, | : | 26 U.S.C. 7201; Forfeiture, 18 U.S.C. |
| MARIA DENISE GANGLER, | : | § 981(a)(1)(C); 21 U.S.C. § 853; |
| a/k/a "AUNT DENISE," "AD" | : | 28 U.S.C. § 2461(c)) |
| | : | |
| Defendants. | : | |

...oOo...

**INDICTMENT**

**COUNT ONE – CONSPIRACY TO COMMIT BANKRUPTCY FRAUD**

The Grand Jury for the District of Maryland charges:

**INTRODUCTION**

At times material to this Indictment:

1.      Defendants **PATRICIA MULFORD** and **JOSEPH MULFORD** (collectively

the **MULFORDS**) were residents of Ocean Pines, Maryland.

2.   .   Defendant **MARIA DENISE GANGLER ("GANGLER"), a/k/a "AUNT**

**DENISE," "AD,"** was a resident of Baltimore County, Maryland.

3.      The Bank of Ocean City was a financial institution as defined in 18 U.S.C.

Section 20 and had its deposits insured by the federal government.  The Bank of Ocean City's

headquarters were located in Ocean City, Maryland.

1

4.      During 2012, the **MULFORDS** maintained bank accounts at the Bank of Ocean City that ended in the last four digits 8931 (hereinafter "BOC 8931") and 6232 (hereinafter "BOC 6232").

5.      The **MULFORDS** had a relative (Relative #1) who maintained a bank account at the Bank of Ocean City ending in 8734 (hereinafter "BOC 8734"), and a bank account at PNC Bank.

6.      Sueno Escondido Estates is a rural plot of land in Costa Rica that is approximately eleven acres in size.

7.      In or about 2004, the **MULFORDS** and **GANGLER** jointly purchased property at Sueno Escondido Estates in Costa Rica for approximately $200,000. Sueno Escondido Estates was located in Tarcoles, Puntarenas, near Costa Rica's Pacific Coast.

8.      Vistas del Lago was a residential development located in the highlands of Guanacaste, Costa Rica with views of Lake Arenal and a volcano. It was subdivided into multiple lots, including Lot #60.

9.      In or about 2009, the **MULFORDS** liquidated approximately $275,000 in funds from individual retirement accounts ("IRAs"). The **MULFORDS** instructed that no money be withheld for taxes when they liquidated their IRAs. The liquidation resulted in the **MULFORDS** having more than $75,000 in taxes due and owing for the 2009 calendar year.

10.     In the Fall of 2009, the **MULFORDS** purchased gold and silver coins, and made private equity investments.

11.     In or about 2010, the **MULFORDS** entered into a payment plan with the Internal Revenue Service ("IRS") relating to their 2009 tax debt.

2

## THE CONSPIRACY AND ITS OBJECTS

12.     From in or about July 2011, and continuing at least until in or about November 2017, in the District of Maryland and elsewhere,

### PATRICIA MULFORD, JOSEPH MULFORD, and

### MARIA DENISE GANGLER, a/k/a "AUNT DENISE," "AD"

the defendants herein, did knowingly and willfully combine, conspire, confederate and agree with each other, and with persons known and unknown to the Grand Jury, to commit certain offenses against the United States, namely, to commit bankruptcy fraud by knowingly and fraudulently concealing property belonging to them, including cash on deposit at financial institutions, **GANGLER's** cash located in a safe deposit box, and the **MULFORDS'** ownership of Lot #60 at Vistas del Lago, from the creditors and the United States Trustees in Bankruptcy Case Nos. 13-20022 and 14-21946, in violation of 18 U.S.C. § 152.

## METHODS AND MEANS

13.     It was part of the conspiracy and bankruptcy fraud that the defendants sold their ownership interests in the Sueno Escondido Estates property, and obtained money from the sale of the property, but failed to disclose the proceeds to their creditors, including the IRS, and to the trustees in their bankruptcies.

14.     It was further part of the conspiracy and bankruptcy fraud that the defendants used email to discuss how to hide funds obtained from the sale of property in Costa Rica.

15.     It was further part of the conspiracy and bankruptcy fraud that the defendants stored proceeds from the sale of Sueno Escondido Estates property in (a) bank accounts; (b) bank

3

accounts in their relatives' names; (c) safe deposit boxes; (d) cash; (e) gold and silver coins; and (f) foreign real estate – all to help conceal the proceeds.

16.     It was further part of the conspiracy and bankruptcy fraud that the defendants financially benefited from using the bankruptcy proceedings to fraudulently shield their assets from creditors and discharge existing debts, in violation of the law.

17.     It was further part of the conspiracy and bankruptcy fraud that the defendants caused their creditors to suffer losses of more than $350,000.

## OVERT ACTS

18.     In furtherance of the conspiracy and bankruptcy fraud, and to effect the objects thereof, the defendants and uncharged co-conspirators committed or caused to be committed at least one of the following acts, among others, in the District of Maryland, and elsewhere:

Sale of Sueno Escondido Estates & Related Financial Transactions

a.  In 2012, the **MULFORDS** and **GANGLER** sold their interests in the Sueno Escondido Estates property in Costa Rica for approximately $375,000.

b.  On or about February 1, 2012, **PATRICIA MULFORD** sent an email to a relative (hereinafter "Relative #2"), "AD is working on her finances - acct and lawyer taking her to the B . . . so the funds from CR need to be in our acct. which is not so good either but trying to figure this out if you have any suggestions let me know. . . ."

c.  On or about February 25, 2012, **PATRICIA MULFORD** sent an email to Relative #2, "need to get AD to sign some papers for CR. - do not say anything to anyone about sale of property."

4

d.  On April 19, 2012, the **MULFORDS** and **GANGLER** caused a deposit of $49,865 into BOC 8931, which constituted proceeds from the sale of the Sueno Escondido Estates property.

e.  In or about July 2012, **PATRICIA MULFORD** sent an email to an individual in Costa Rica, asking: "Do you know if the buyer is reporting any information to the US about this transaction?"

f.  On August 8, 2012, the **MULFORDS** and **GANGLER** caused a deposit of $259,878 into BOC 8931, which constituted proceeds from the sale of the Sueno Escondido Estates property.

g.  On September 26, 2012, the **MULFORDS** and **GANGLER** caused a deposit of $44,569 into BOC 8734, which constituted proceeds from the sale of the Sueno Escondido Estates property.

h.  In or about June 2012 and August 2012, the **MULFORDS** caused **GANGLER's** portion of the Sueno Escondido Estates sale proceeds to be transferred to BOC 6232 and then distributed to **GANGLER**.

i.  On or about August 15, 2012, **JOSEPH MULFORD** cashed a $9,500 check from BOC 6232 at the Bank of Ocean City.

j.  On or about August 16, 2012, **JOSEPH MULFORD** cashed a $9,500 check from BOC 6232 at the Bank of Ocean City.

k.  On or about August 28, 2012, **JOSEPH MULFORD** cashed a $9,500 check from BOC 6232 at the Bank of Ocean City.

5

l.   On or about September 6, 2012, **JOSEPH MULFORD** cashed a $9,500 check from
     BOC 6232 at the Bank of Ocean City.

m.  Beginning on or about September 10, 2012, and continuing until in or about October
     2017, **GANGLER** rented a safe deposit box at Wells Fargo Bank in Towson, Maryland,
     which she used to store proceeds from the sale of the property at Sueno Escondido
     Estates.

n.   On or about September 13, 2012, **JOSEPH MULFORD** cashed a $9,500 check from
     BOC 6232 at the Bank of Ocean City.

o.   On or about September 20, 2012, **JOSEPH MULFORD** cashed a $9,500 check from
     BOC 6232 at the Bank of Ocean City.

p.   On or about September 27, 2012, **JOSEPH MULFORD** cashed a $9,500 check from
     BOC 6232 at the Bank of Ocean City.

q.   On or about October 17, 2012, **PATRICIA MULFORD** sent an email to Relative #2,
     asking "Are you ok with keeping the money in your account or do you want to wire it
     back to me?"

r.   In or about January 2013, **PATRICIA MULFORD** sent an email to Relative #2,
     discussing making a deposit for the purchase of Lot #60 in Vistas del Lago, and writing:
     "the deposit is 10,000 and it would be good if it came from Singapore-- you know what i
     mean!!"

s.   In or about January 2013, **PATRICIA MULFORD** sent an email to Relative #1, writing
     "Am I still named on your PNC acct.  If so do you have a problem with me wiring 5000
     to CR for deposit on property,,,, I will be depositing the money into the acct. and wiring

6

next week if OK with you and I am still on your acct. I want to do it this way as we are working with the US about offer in compromise for our taxes owed on 401/IRA monies we liquidated."

t.  On or about February 28, 2013, **PATRICIA MULFORD** sent an email to Relative #1, writing that **PATRICIA MULFORD** and **JOSEPH MULFORD** "made the decision to purchase the lot in [Costa Rica]. . . . would it work for you if I sent through your PNC account. I am still on the account- I checked with the bank. I would transfer the money to your checking and send from there. Let me know what you think. The reason I ask is that I need to keep the funds low in our account because of the short sale of mommom [sic] house."

u.  In or about March 2013, the **MULFORDS** purchased Lot #60 in Vistas del Lago, Costa Rico for more than $75,000. The **MULFORDS** paid for Lot #60 with proceeds from the sale of the Sueno Escondido Estates property.

The **MULFORDS'** Debt To The IRS for the 2009 Calendar Year

v.  In or about September 2010, the **MULFORDS** submitted a Form 433-F in support of reaching an installment agreement with the IRS for the tax due and owing for the 2009 tax year. The Form 433-F was false because it did not disclose the **MULFORDS'** ownership in the Sueno Escondido Estates property nor did it list their ownership of precious coins.

w.  In or about November 2010, the **MULFORDS** made a private equity investment of $20,000, using funds that they did not declare to the IRS and did not use to attempt to reduce the tax due and owing to the IRS.

7

x. In or about December 2012, the **MULFORDS** made an Offer-In-Compromise, and submitted a Form 433-A, which was signed by the **MULFORDS** under oath, that listed the **MULFORDS'** income, expenses, and assets, as well as attached supporting documents. The **MULFORDS'** Offer-In-Compromise omitted significant assets, including valuable coins and more than $100,000 on deposit at BOC 8734, which partly consisted of proceeds from the sale of the Sueno Escondido Estates property.

y. In or about May 2013, the **MULFORDS** submitted, and caused to be submitted, false information to the IRS in support of their Offer-In-Compromise, in particular, false information about the use of monies from the liquidated IRAs and false information about their bank account transactions.

**GANGLER's** 2013 Bankruptcy

z. In or about April 2013, **GANGLER** did not tell her tax preparer and the IRS about the sale of her interest in the real estate in Costa Rica.

aa. On or about June 11, 2013, **GANGLER** filed a voluntary petition for bankruptcy, signing the petition in multiple places and affirming under oath her assets, liabilities, monthly income, and monthly expenses. **GANGLER'S** bankruptcy petition fraudulently failed to list any cash in her Wells Fargo safe deposit box, and did not list any assets and proceeds from the sale of the Sueno Escondido Estates property in Costa Rica.

The **MULFORDS'** 2014 Bankruptcy

bb. In June and July 2014, the **MULFORDS** purchased gold and silver coins.

cc. On or about July 30, 2014, the **MULFORDS** filed a voluntary petition for bankruptcy, signing the petition in multiple places and affirming under oath their assets, liabilities,

8

monthly income, and monthly expenses. The **MULFORDS'** petition fraudulently failed to list their ownership interest in Lot #60 at the Vistas del Lago housing complex as well as other financial interests, such as money on deposit at banks, their private equity investments, funds held by their relatives on their behalf, and precious coins. The petition also failed to accurately list transfers of property in the two years preceding the bankruptcy filing and the use of accounts and safe deposit boxes in the year preceding the bankruptcy.

dd. In or about September 2014, the **MULFORDS** made false statements to the Trustee and their creditors in a hearing pursuant to Section 341, falsely stating that they had not sold or given anything having a value of more than $200 in the last three years.

2017 False Statements

ee. On or about October 25, 2017, **GANGLER** made false statements to federal agents concerning the cash in her Wells Fargo safe deposit box and the truthfulness of her prior bankruptcy filings.

ff. On or about October 25, 2017, **PATRICIA MULFORD** made false statements to federal agents concerning the real estate holdings and other assets the **MULFORDS** owned when the 2014 banktuptcy petition was filed by the **MULFORDS**.

18 U.S.C. § 371

9

## COUNT TWO – BANKTUPTCY FRAUD

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1-11 and 13-18 of Count One of this Indictment are hereby incorporated by reference as though fully set forth herein.

2.     Between on or about July 30, 2014 and on or about November 19, 2014, in the District of Maryland and elsewhere,

### PATRICIA MULFORD and JOSEPH MULFORD,

the defendants herein, did knowingly and fraudulently conceal property belonging to them, including but not limited to their ownership interest in Lot #60 at the Vistas del Lago housing complex in Costa Rica, as well as other financial interests, such as money on deposit at banks, their private equity investments, the funds held by their relatives on their behalf, and precious coins, from the creditors and the United States Trustee in Bankruptcy Case No. 14-21946, which was pending in the District of Maryland.

18 U.S.C. § 152
18 U.S.C. § 2

## COUNT THREE – TAX EVASION

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1-11 and 13-18 of Count One of this Indictment are hereby incorporated by reference as though fully set forth herein.

2.      Beginning in or about 2009 and continuing until in or about 2017, in the District of Maryland and elsewhere,

**PATRICIA MULFORD** and **JOSEPH MULFORD,**

the defendants herein, residents of Ocean Pines, Maryland, did willfully attempt to evade and defeat the payment of tax due and owing by them to the United States for the calendar year 2009, by committing the following affirmative acts, among others:

a.  In or about 2009, using proceeds from the liquidation of their IRAs to purchase gold and silver coins, and making private equity investments rather than using those funds to pay taxes due and owing for the 2009 calendar year;

b.  In or about 2010, selling gold and silver coins valued at more than $50,000, but only making small payments to the IRS;

c.  From in or about 2013 to in or about 2017, concealing from the IRS property belonging to them, including but not limited to their ownership interest in Lot #60 at the Vistas del Lago housing complex in Costa Rica;

d.  From in or about 2012 to in or about 2017, concealing from the IRS their sale of the Sueno Escondido Estates property in Costa Rica;

11

    e.  From in or about 2012 to in or about 2017, concealing from the IRS the proceeds from the sale of the Sueno Escondido Estates property in Costa Rica, including money on deposit at banks, funds held by their relatives on their behalf, and precious coins;

    f.  In or about December 2012, submitting false and fraudulent information to the IRS, and concealing significant assets from IRS, including valuable coins and money on deposit at a bank;

    g.  In or about July 2014, submitting false and fraudulent information to the United States Trustee in Bankruptcy Case No. 14-21946, and concealing assets, including their ownership interest in Lot #60 at the Vistas del Lago property in Costa Rica, with the intent of using bankruptcy proceedings to avoid paying approximately $39,000 then due and owing to the IRS in connection with the taxes for the 2009 calendar year;

    h.  In or about September 2014, making false statements to the United States Trustee in Bankruptcy Case No. 14-21946, with the intent of using bankruptcy proceedings to avoid paying approximately $39,000 then due and owing to the IRS in connection with the taxes for the 2009 calendar year;

26 U.S.C. § 7201
18 U.S.C. § 2

12

## COUNT FOUR – BANKTUPTCY FRAUD

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1-11 and 13-18 of Count One of this Indictment are hereby
incorporated by reference as though fully set forth herein.

2.      In or about June 2013, in the District of Maryland and elsewhere,

### DENISE GANGLER,

the defendant herein, did knowingly and fraudulently conceal property belonging to her,

specifically cash in a Wells Fargo safe deposit box and stored elsewhere, from the trustee

charged with control of the debtors' property and from the creditors in Bankruptcy Case No. 13-

20022, which was pending in the District of Maryland.


18 U.S.C. § 152
18 U.S.C. § 2

13

## FORFEITURE

1.      Upon conviction of the offenses in violation of Title 18, United States Code,

Sections 371 and 152, as set forth in Counts One and Two of this Indictment, the defendants,

### PATRICIA MULFORD and JOSEPH MULFORD,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C),

Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), all

property, real or personal, which constitutes or is derived from proceeds traceable to the offense,

including but not limited to, the following:

    (a)     a sum of money equal to the value of the proceeds of the offense, which amount is
            at least $85,000;

    (b)     gold and silver coins purchased between 2004 and July 30, 2014, from Asset
            Marketing Services LLC, Numis Network LLC, and Swiss America Trading
            Corporation, including the coins seized by law enforcement on December 14, 2017.

2.      Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants

that the United States will seek forfeiture as part of any sentence in accordance with Title 18,

United States Code, Section 981, in the event of the defendants' conviction.

### SUBSTITUTE ASSETS

3.      If any of the assets described in this Indictment as being subject to forfeiture, as a

result of any act or omission of the defendants,

### PATRICIA MULFORD and JOSEPH MULFORD,

(a) cannot be located upon the exercise of diligence;

(b) has been transferred, or sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

14

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

4.    Upon conviction of the offenses in violation of Title 18, United States Code, Sections 371 and 152, as set forth in Counts One and Four of this Indictment, the defendant,

**DENISE GANGLER,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to, the following:

(a)    a sum of money equal to the value of the proceeds of the offense, which amount is at least $320,000; and

(b)    U.S. currency with Bank of Ocean City money wrappers dated September 2012 and seized by law enforcement on October 25, 2017.

5.    Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981, in the event of the defendant's conviction.

**SUBSTITUTE ASSETS**

6.    If any of the assets described in this Indictment as being subject to forfeiture, as a result of any act or omission of the defendant,

**DENISE GANGLER,**

(a) cannot be located upon the exercise of diligence;

15

(b) has been transferred, or sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without

difficulty;

it is the intent of the United States, pursuant to pursuant to 21 U.S.C. § 853(p), to seek forfeiture

of any other property of the defendant up to the value of the forfeitable property.

18 U.S.C. § 981
21 U.S.C. § 853
28 U.S.C. § 2461


Robert K. Hur /hg
ROBERT K. HUR
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date:   5/22/18

16