KOG
6/12/18

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 JUN 26 PM 12: 42

CLERK'S OFFICE
AT BALTIMORE
BY NM DEPUTY

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Harry M. Gruber*
*Assistant United States Attorney*
*Harry.Gruber@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4835*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*

June 12, 2018

Bradford Carney
Royston, Mueller, McLean & Reid, LLP
102 West Pennsylvania Avenue, Suite 600
Towson, MD 21204

Re: United States v. Maria Denise Gangler
Crim. No. GLR-18-293

Dear Mr. Carney:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the defendant, Maria Denise Gangler, by the United States Attorney's Office for the District of Maryland ("this Office"). If the defendant accepts this offer, please have her execute it in the spaces provided below. If this offer has not been accepted by **June 18, 2018,** it will be deemed withdrawn. The terms of the agreement are as follows:

Offense of Conviction

1. The defendant agrees to plead guilty to Count One of the pending Indictment, which charges her with conspiracy, in violation of 18 U.S.C. § 371. The defendant admits that she is, in fact, guilty of this offense and will so advise the Court.

Elements of the Offense

2. The elements of the offense to which the defendant has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

> First, at some point between January 2012, and November 2017, in the District of Maryland, the defendant knowingly and willfully combined, conspired, confederated, and agreed with Patricia Mulford, Joseph Mulford, or another person, to knowingly and with the intent to defraud, conceal assets from the creditors or the United States

Trustees in Bankruptcy Case Nos. 13-20022 or 14-21946, in violation of 18 U.S.C. § 152;

Second, the defendant knew of the unlawful purpose of the agreement;

Third, the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

Fourth, a member of the conspiracy engaged in an overt act for the purpose of advancing or helping the conspiracy.

Penalties

3. The maximum sentence provided by statute for Count One, to which the defendant is pleading guilty is as follows: 5 years' imprisonment, a fine of not more than $250,000 or twice the amount of the gain or loss caused by the offense, and a term of supervised release of up to 3 years. In addition, the defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order her to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The defendant understands that if she serves a term of imprisonment, is released on supervised release, and then violates the conditions of her supervised release, her supervised release could be revoked - even on the last day of the term - and the defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the defendant will serve any term of imprisonment imposed.

Waiver of Rights

4. The defendant understands that by entering into this agreement, she surrenders certain rights as outlined below:

a) If the defendant had persisted in her plea of not guilty, she would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the defendant, this Office, and the Court all agreed.

b) If the defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

would have to agree unanimously before the defendant could be found guilty of any count. The jury would be instructed that the defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c) If the defendant went to trial, the government would have the burden of proving the defendant guilty beyond a reasonable doubt. The defendant would have the right to confront and cross-examine the government's witnesses. The defendant would not have to present any defense witnesses or evidence whatsoever. If the defendant wanted to call witnesses in her defense, however, she would have the subpoena power of the Court to compel the witnesses to attend.

d) The defendant would have the right to testify in her own defense if she so chose, and she would have the right to refuse to testify. If she chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from her decision not to testify.

e) If the defendant were found guilty after a trial, she would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against her. By pleading guilty, the defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f) By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that she may have to answer the Court's questions both about the rights she is giving up and about the facts of her case. Any statements the defendant makes during such a hearing would not be admissible against her during a trial except in a criminal proceeding for perjury or false statement.

g) If the Court accepts the defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find her guilty.

h) By pleading guilty, the defendant may also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The defendant recognizes that if she is not a citizen of the United States, pleading guilty may have consequences with respect to her immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The defendant nevertheless affirms that she wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5. The defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28

U.S.C. §§ 991 through 998. The defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6. This Office and the defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors and adjustments:

Guideline Stipulation

a) The parties stipulate and agree that U.S.S.G. §§ 2X1.1 and 2B1.1 apply to the defendant's offense, resulting in a base offense level of six (6), which is increased by twelve (12) levels because the reasonably foreseeable loss was more than $250,000, but less than $550,000. The parties further stipulate and agree that the offense level is increased by two (2) levels pursuant to § 2B1.1(b)(9)(B), because the offense involved a misrepresentation or fraudulent action during the course of a bankruptcy proceeding. The parties stipulate and agree that this results in an **offense level of twenty (20).**

b) This Office does not oppose a two-level reduction in the defendant's applicable offense level based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for her criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the defendant's timely notification of her intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about her involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw her plea of guilty.

7. This Office and the defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

All Relevant Information May Be Brought To The Court's Attention

8. At the time of sentencing, the parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the defendant's background, character and conduct.

Forfeiture

9. The defendant understands that the Court will, upon acceptance of her guilty plea, enter an order of forfeiture as part of her sentence, and that the order of forfeiture will include assets directly traceable to her offense. Specifically, the Court will order the forfeiture of all property constituting, derived from, or traceable to the gross proceeds obtained directly or indirectly as a result of this offense, which the parties stipulate consists of $14,000 in U.S. currency with Bank of Ocean City money wrappers dated September 2012, which was seized by law enforcement on October 25, 2017. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Waiver of Further Review of Forfeiture

10. The defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenges or review or with regard to the filing of a petition for remission of forfeiture.

Restitution

11. The defendant agrees to the entry of a Restitution Order for the full amount of the victim's actual losses associated with the count of conviction, which the parties stipulate is $320,000. The defendant agrees to provide the Clerk of the Court with a certified check in this amount on the day of the Defendant's guilty plea. The defendant agrees that, pursuant to 18 U.S.C. § 3663 and 3663A and § 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. If restitution is not paid by the date of the defendant's guilty plea, the defendant further agrees that she will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. If the defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

Waiver of Appeal

12. In exchange for the concessions made by this Office and the defendant in this plea agreement, this Office and the defendant waive their rights to appeal as follows:

a) The defendant knowingly waives all right, pursuant to 28 U.S.C. §§ 1291, 3742, or any other statute or constitutional provision, to appeal the defendant's conviction on any ground whatsoever. This includes a waiver of the right to appeal the defendant's conviction on the ground that the statute to which the defendant is pleading is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute.

b) The defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, any constitutional challenges, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c) Nothing in this agreement shall be construed to prevent the defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d) The defendant waives any and all rights under the Freedom of Information Act relating to the prosecution of the above-captioned matter and agrees not to file any request for documents from this Office.

Obstruction or Other Violations of Law

13. The defendant agrees that she will not commit any offense in violation of federal, state or local law between the date of this agreement and her sentencing in this case. In the event that the defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for her conduct by failing to acknowledge her guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The defendant acknowledges that she may not withdraw her guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Court Not a Party

14. The defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the defendant understands that neither the United States Probation Office

nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and will remain bound to fulfill all of her obligations under this agreement. The defendant understands that neither the prosecutor, her counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the defendant will receive. The defendant agrees that no one has made such a binding prediction or promise.

<u>Prosecution By The U.S. Attorney's Office for the District of Maryland</u>

15. The U.S. Attorney's Office for the District of Maryland hereby agrees not to bring additional criminal charges against the defendant for the acts set forth in the factual stipulation to this plea agreement.

<u>Entire Agreement</u>

16. This letter supersedes any prior understandings, promises, or conditions between this Office and the defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the defendant and this Office other than those set forth in this letter and addendum and none will be entered into unless in writing and signed by all parties.

If the defendant fully accepts each and every term and condition of this letter, please sign and have the defendant sign the original and return it to us promptly.

Robert K. Hur
United States Attorney

By: ______________________
Harry M. Gruber
Dana J. Brusca
Assistant United States Attorneys

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the factual and advisory guidelines stipulation with my attorney, and I do not wish to change any part of it. I understand this plea agreement, and I voluntarily agree to it. I am completely satisfied with the representation of my attorney.

6/18/18
Date

Maria Denise Gangler
Maria Denise Gangler

I am Ms. Gangler's attorney. I have carefully reviewed every part of this agreement with her. To my knowledge, her decision to enter into this agreement is an informed and voluntary one.

6/18/18
Date

Bradford Carney

## GANGLER FACTUAL STIPULATION – ATTACHMENT A

The defendant (hereinafter "Gangler" or defendant) stipulates that from in or about July 2011 until in or about November 2017, she knowingly and willfully combined, conspired, confederated and agreed with her sister, Patricia Mulford, and Mrs. Mulford's husband, Joseph Mulford (collectively the "Mulfords"), to knowingly and with the intent to defraud, conceal assets, including cash provided to Gangler and hid in Gangler's safe deposit box and home, from the creditors and the trustee in Bankruptcy Case No. 13-20022, in violation of 18 U.S.C. Sections 152, 371.

From in or about 2004 until in or about the spring of 2017, the Mulfords lived in Ocean Pines, Maryland. During the conspiracy, Gangler was a resident of Baltimore County, Maryland. In or about 2004, the Mulfords and Gangler jointly purchased property at Sueno Escondido Estates in Costa Rica for approximately $200,000.

As part of the conspiracy to commit bankruptcy fraud, the defendant admits that the following overt acts, among others, occurred:

<u>Transactions Related To Real Estate In Costa Rica</u>

a) In 2012, the Mulfords and Gangler sold their interests in the Sueno Escondido Estates property in Costa Rica for approximately $375,000.

b) In 2012 and 2013, Patricia Mulford sent multiple emails to relatives in which she discussed the sale of the Costa Rica property, the use of the proceeds, and how to assist Gangler in hiding assets for Gangler's bankruptcy filings;

c) On August 8, 2012, the Mulfords and Gangler caused a deposit of $259,878 into a Bank of Ocean City Account ending in 8931 (hereinafter "BOC 8931"), which constituted proceeds from the sale of the Sueno Escondido Estates property.

d) On September 26, 2012, the Mulfords and Gangler caused a deposit of $44,569 into Bank of Ocean City Account ending in 8734 (hereinafter "BOC 8734"), which constituted proceeds from the sale of the Sueno Escondido Estates property.

e) In or about June 2012 and August 2012, the Mulfords caused Gangler's portion of the Sueno Escondido Estates sale proceeds to be transferred to Bank of Ocean City Account ending in 6232 (hereinafter "BOC 6232") and then distributed to Gangler.

f) In August and September 2012, Joseph Mulford cashed multiple checks that were drawn on BOC 6232. All of the checks were written in the amount of $9,500 and cashed at the Bank of Ocean City. Joseph Mulford gave the cash to Gangler.

g) Beginning on or about September 10, 2012, and continuing until in or about October 2017, Gangler rented a safe deposit box at Wells Fargo Bank in Towson,

Maryland, which she used to store the cash proceeds from the sale of the property at Sueno Escondido Estates that she had received from the Mulfords.

h) In or about March 2013, the Mulfords purchased Lot #60 in Vistas del Lago, Costa Rico for more than $75,000. The Mulfords paid for Lot #60 with proceeds from the sale of the Sueno Escondido Estates property.

Gangler's 2013 Bankruptcy

i) In 2012 and 2013, Gangler gave each of her two children $10,000 in cash proceeds from the sale of the Sueno Escondido Estates property.

j) In or about April 2013, Gangler did not tell her tax preparer and the IRS about the sale of her interest in the real estate in Costa Rica.

k) On or about June 11, 2013, Gangler filed a voluntary petition for bankruptcy, signing the petition in multiple places and affirming under oath her assets, liabilities, monthly income, and monthly expenses. Gangler's bankruptcy petition failed to list any cash in her Wells Fargo safe deposit box, and did not list any assets or proceeds from the sale of the Sueno Escondido Estates property in Costa Rica. Gangler's bankruptcy petition also did not list the gifts of cash to her children. Gangler admits that she knowingly misrepresented her assets in the bankruptcy proceeding with the intent to defraud her creditors and improperly discharge her debts.

2017 False Statements

l) On or about October 25, 2017, Gangler made numerous false statements to federal agents concerning the conspiracy. Among other things, she falsely claimed that there was no cash left in her Wells Fargo safe deposit box and stated that her statements in the bankruptcy proceeding had truthfully disclosed the assets she then held.

I have reviewed the factual and advisory guidelines stipulation with my attorney, and I do not wish to change any part of it. I understand it, and I voluntarily agree to it. I am completely satisfied with the representation of my attorney. The facts set forth in this Factual Stipulation are true.

6/18/18
Date

Maria Denise Gangler
Maria Denise Gangler